**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Action No. 16-cv-02409-PAB

FIRST MEZZANINE INVESTORS, LLC, for itself and derivatively on behalf of BMGI Corporation,

    Plaintiff,

v.

BMGI CORPORATION,
BREAKTHROUGH ENTERPRISES, LLC,
BREAKTHROUGH MANAGEMENT GROUP HOLLAND, LLC,
BREAKTHROUGH MANAGEMENT GROUP CANADA, LLC,
DSI INVESTMENTS, LLC, and
DAVID SILVERSTEIN,

    Defendants.

---

**ORDER REMANDING CASE TO STATE COURT**

---

This matter is before the Court on plaintiff's forthwith motion to remand [Docket No. 15] and the Court's *sua sponte* order to show cause [Docket No. 23]. Plaintiff requests that the Court remand this case to the District Court for the City and County of Denver, Colorado.

**I. BACKGROUND**

This case arises from a dispute over loans made before the winding up of a failed company. Plaintiff First Mezzanine Investors, LLC ("FMI") loaned money to defendant BMGI Corporation ("BMGI").[1] Docket No. 1-2 at 3-4, ¶¶ 13-21. Defendant

---

[1]The following facts are taken from the complaint [Docket No. 1-2] and from BMGI's response to the show cause order [Docket No. 27] and are assumed to be true

DSI Investments, LLC ("DSI") also made a secured loan to BMGI.  *Id*. at 2-3, ¶¶ 10-12.  On August 22, 2016, DSI foreclosed on the assets of BMGI and began the process of winding up its operations.  *Id*. at 6-7, ¶¶ 37-38.

BMGI owns and is the sole member of defendants Breakthrough Enterprises, LLC, Breakthrough Management Group Holland, LLC, and Breakthrough Management Group Canada, LLC (collectively, the "BMGI subsidiaries").  Docket No. 27 at 2-3.  Therefore, the citizenship of the BMGI subsidiaries is the same as that of BMGI.  *See Siloam Springs Hotel*, *L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).  The owner, President, and CEO of BMGI is defendant David Silverstein, a Colorado citizen.  Docket No. 27 at 3.  He also owns and is the sole member of defendant DSI.  Docket No. 27 at 3.  Thus, DSI is also a Colorado citizen.  *Siloam Springs Hotel*, *L.L.C.*, 781 F.3d at 1237-38.

Plaintiff initiated this action in the District Court for the City and County of Denver, Colorado on September 2, 2016.  Docket No. 1-2.  Plaintiff alleges, among other things, that DSI violated state law by taking possession of BMGI's assets and using them to pay BMGI's expenses.  Docket No. 1-2 at 9-10.  BMGI removed the action to this Court on September 26, 2016 pursuant to 18 U.S.C. § 1441.  Docket No. 1.  BMGI alleges this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  *Id*. at 3, ¶ 11.  On September 28, 2016, plaintiff filed its motion to remand this case to state court [Docket No. 15], arguing that removal is barred by 28 U.S.C. § 1441(b)(2), which

---

for the purposes of deciding this motion.  Those facts included from the response to the order to show cause are uncontested by plaintiff.  *See* Docket No. 38 at 1-3.

provides that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). On September 29, 2016, the Court entered an order to show cause why the case should not be remanded for defendant's "failure to show complete diversity by failing to consider all of the members of the LLC parties." Docket No. 23 at 3.

## II. STANDARD OF REVIEW

A party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The so-called forum defendant rule, 28 U.S.C. § 1441(b)(2), prevents removal to federal district court even where diversity is established when one of the defendants is a citizen of the forum state. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). A party's citizenship is determined at the time the complaint was filed. *Siloam Springs Hotel*, *L.L.C.*, 781 F.3d at 1239.

## III. ANALYSIS

Plaintiff moves for remand on the basis that all defendants are citizens of Colorado. Docket No. 15 at 2, ¶ 5. BMGI argues that removal was proper because BMGI is not a citizen of Colorado and all defendants were fraudulently joined. Docket No. 35 at 6-7. The parties do not dispute that Mr. Silverstein and DSI are citizens of

Colorado.  Docket No. 27 at 3; *see also* Docket No. 35.  The Court will focus on the dispositive issue of whether DSI was fraudulently joined.

A party's citizenship can be ignored for the purposes of determining whether removal was proper if the party was fraudulently joined.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).  In cases where fraudulent joinder is claimed, courts must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967).  To prove that a defendant was fraudulently joined, BMGI must show "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Dutcher*, 733 F.3d at 988 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir.2011)); *see also Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D. Colo. 2000).

"Where a defendant does not allege fraud in the pleading of jurisdictional facts, the sole issue before the court is whether plaintiff has stated a basis for recovery against resident defendants under state law."  *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989).  In so doing, courts must decide whether there is a reasonable basis to believe the plaintiff might succeed on at least one claim.  *Nerad v. Astrazeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished).  For a claim to have a reasonable basis, it must have a basis in the alleged facts and the applicable law.  *Id.*  The removing party claiming fraudulent joinder

must "prove the non-liability of the defendant as a matter of fact or law." *Blackwood v. Thomas*, 855 F. Supp. 1205, 1207 (D. Colo. 1994).

BMGI seeks to establish fraudulent joinder by showing that plaintiff cannot bring a colorable claim against DSI. Docket No. 35 at 15. Plaintiff alleges DSI violated Colo. Rev. Stat. § 4-9-608(a)(1). Docket No. 1-2 at 9, ¶¶ 49-52. As BMGI explains, this section "simply provides the order in which a secured party, here DSI," must prioritize its payments from the proceeds of foreclosing on BMGI's assets. Docket No. 35 at 15. BMGI acknowledges that plaintiff alleges that "DSI has used the cash collateral it has taken possession of to pay unsecured expenses of BMGI," Docket No. 1-2 at 9, ¶ 50, but argues that plaintiff's allegations are insufficient because plaintiff "FMI pleads no facts showing that DSI has mis-applied or mis-paid any cash proceeds whatsoever" after foreclosing on BMGI's assets. Docket No. 35 at 15.

Plaintiff argues that its allegations are sufficient to allege a violation of Colo. Rev. Stat. § 4-9-608(a)(1) because they include allegations of DSI's intent to make payments in violation of the statute. Docket No. 38 at 7. Plaintiff claims DSI emailed it after foreclosing on BMGI's assets and stated that it was going to use the cash collateral from foreclosing on BMGI's assets "to cover BMGI's wind-down expenses, pay for BMGI's tax liabilities and cover general expenses of BMGI." *Id*. (citing Docket No. 1-2 at 6-7, ¶ 38). Specifically, plaintiff alleges that DSI's email stated that "some collected receivables will also remain in the company to ensure adequate reserves for expenses" and listed several such expenses. Docket No. 1-2 at 7, ¶ 38; *see also* Docket No. 1-24 at 1.

The Court finds plaintiff's allegations are sufficient to state a colorable claim against DSI for violating Colo. Rev. Stat. § 4-9-608(a)(1). Plaintiff alleges both that it received an email from DSI indicating its intention to make payments in violation of the statute, Docket No. 1-2 at 6-7, ¶ 38, and that such payments were made. *Id*. at 9, ¶ 50. BMGI does not cite any authority that plaintiff must plead specific payments or argue that making the payments proposed in DSI's email would not violate the statute's payment prioritization scheme. The Court finds DSI, a Colorado citizen, was not fraudulently joined. *See Frontier Airlines, Inc.*, 758 F. Supp. at 1404 ("If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court."). Thus, BMGI fails to meet its burden to show fraudulent joinder and remand is proper under the forum defendant rule, 28 U.S.C. § 1441(b)(2).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Forthwith Motion to Remand [Docket No. 15] is **GRANTED**. It is further

**ORDERED** that the Court's Order to Show Cause [Docket No. 23] is **DISCHARGED**. It is further

**ORDERED** that Defendants' Motion to Dismiss, Transfer, or Stay this Action [Docket No. 26] is **DENIED** as moot. It is further

**ORDERED** that this case is **REMANDED** to the District Court for the City and County of Denver, Colorado where it was filed as Case No. 16cv033248.

DATED November 15, 2016.

                            BY THE COURT:

                            s/Philip A. Brimmer
                            PHILIP A. BRIMMER
                            United States District Judge